UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                              PLAINTIFF

Vs.                                                            CRIMINAL ACTION NO. 3:23-CR-00013-RGJ

DEANDRE DOUGLAS                                                                       DEFENDANT

\* \* \* \* \* \* \* \* \*

**SENTENCING MEMORANDUM**

Comes now Defendant Deandre Douglas, by and through counsel, Michael L. Goodwin, and respectfully submits this sentencing memorandum to assist this Court in determining a sentence "sufficient, but not greater than necessary," to fulfill the sentencing purposes set forth in 18 U.S.C. § 3553(a).

**A. SENTENCING GUIDELINES**

Deandre Douglas is a thirty-year-old male from Bardstown, Kentucky, who has plead guilty to a single count of conspiracy to contribute a controlled substance in violation of 21 U.S.C. §§ 841 and 846. Between December 21, 2022 and February 2, 2023, he repeatedly delivering on point purchases of methamphetamine from the same buyer to the same seller. The buyer, a confidential source, had contacted the buyer and arranged for the purchases, and Mr. Douglas had been recruited to serve as the middleman.

The plea agreement between the parties and the presentence investigation report (R.34) contemplate the same guidelines applying here. Therefore, Mr. Douglas does not object to the presentence investigation report. The applicable guidelines are as follows:

| Base Offense Level under 2D1.1 | 32 |
| --- | --- |
| Acceptance of Responsibility | -3 |
| Total | 29 |

Mr. Douglas has a criminal history level of VI. Based upon a total offense level of 29 and a criminal history category of VI, the guideline imprisonment range is 151 to 188 months. This is more than the mandatory minimum vermin of imprisonment of 10 years, imposed by 21 U.S.C. §841(b)(1)(A).

**B. 18 U.S.C. § 3553 FACTORS.**

Deandre Douglas requests this Court grant him a variance pursuant to 18 U.S.C. § 3553 to impose a sentence of one hundred twenty (120) months. A ten-year sentence is a long sentencing, and would be "sufficient, but not greater than necessary, to comply with the purposes set forth in the statute in section (a)(2) of the statute: to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining such a minimally sufficient sentence, §3553(a) further directs sentencing courts to consider several factors: the advisory sentencing guideline range, the nature and circumstances of the offense, and the history and characteristics of the

defendant, the kinds of sentences available, the need to avoid unwanted sentence disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offense.

Here, Mr. Douglas submits that the defendant's history and characteristics, the nature and circumstances of the offense, and the need to avoid unwanted sentence disparities all suggest 120 months would be a sufficient, but not greater than necessary, sentence.

Deandre Douglas grew up under extremely difficult circumstances. As a child he was a victim of abuse at the hands of both his father and mother. He, his parents, and his numerous siblings lived in poverty, constantly moving from house to house, location to location, and school to school. They were often hungry or went without electricity. His mother struggled with drug abuse, particularly crack cocaine. His father abused both alcohol and drugs and was in an out of prison. Both of his parents abused Deandre, both physically and mentally. Deandre believes the hate him mother had for his father "spilled over onto me (Deandre)."

At age fourteen he was living with his father in Lexington when his father was arrested. After his father went to jail, 14-year-old Deandre continued to live by himself in the home. Deandre described this time living on his own to the probation officer as "the most peaceful time of his childhood." This period came to an end after he got into an argument with others in the neighborhood, and they burned the house to the ground. To this day, Deandre does not speak with his mother or his father.

While these circumstances do not excuse criminal conduct, they do explain the frequency with which drugs and incarceration have been a part of Deandre's life since childhood. Unsurprisingly in this situation, Deandre started using marijuana while in third grade. He had a babysitter that would allow him to smoke marijuana. He also began using prescription pills as a youth, and methamphetamine after he was kicked out of the home at age 19.

Despite these difficult circumstances, and Deandre's periods of incarceration, he has attempted to maintain a good relationship with his children. He sees them regularly. He is a volunteer football coach with his son's youth teams, and coaches his daughter's basketball team.

Mr. Douglas also had good jobs during periods of sobriety, which he valued and enjoyed, before he became incarcerated. He worked for Safe Zone where he was a traffic flagger. He had also previously worked at UPS.

In this instant offense, an acquaintance asked him to assist in an ongoing drug transaction. The acquaintance had arranged to purchase pound quantities of methamphetamine from a seller, and asked Mr. Douglas to assist in the transactions by being a middleman between the two. Mr. Douglas received only a small amount of money for his assistance, but realizes now that "the lure of a quick buck" and a few guys asking him to do a favor has resulted in a criminal conviction and a long term of imprisonment.

Finally, according to the presentence investigation report, there have been 318 defendants who received a sentence of imprisonment for similar convictions in which

4

methamphetamine was the primary drug type, with a final offense level of 29, and a criminal history category of VI. R.34, p.19. Of these 318 defendants (excluding those that received a §5K101 substantial assistance departure) the average length of imprisonment imposed was 119 months, and the median length of imprisonment imposed was 120 months. Id.

All of these factors indicate that a sentence of 120 months would be a sufficient, but not greater than necessary, sentence for Deandre Douglas.

Respectfully submitted,

*/s/Michael L. Goodwin*
MICHAEL L. GOODWIN
600 West Main Street, Suite 100
Louisville, Kentucky 40202
502-584-7622

### CERTIFICATE OF SERVICE

This is to certify that the foregoing was electronically filed with the Clerk of the Court through the ECF system, which will electronically serve all counsel of record, on this the 4th day of August 2023.

*/s/Michael L. Goodwin*
MICHAEL L. GOODWIN